Good morning, Your Honors. If it pleases the Court, I am Abraham Wagner, representing a plaintiff, James B. Harris, and the other individual and corporate plaintiffs. Before I begin, let me briefly note we've tried in our briefs to the Court to be as clear as possible and appreciate that the Court read the briefs, and I'm not going to restate the various facts described any more than necessary. I'd like to begin by just making three brief points. First, I believe that this is a case of first impression in any federal jurisdiction. Since the Supreme Court's decision in Hertz v. Freund in 2010, I am unable to find any appellate case similar to this one in any federal court that has held a small corporation was required to veer in a complaint in diversity where the corporation's high officers direct, control, and coordinate the corporation's activities, to use the language of Hertz, apart from the well-settled statement about the corporation's principal place of business. Indeed, as we've noted in our pleadings, the decision on the part of the district court to dismiss appellant's complaints to a sponte on jurisdictional grounds is wholly inconsistent with the federal rules of civil procedure, existing case law, or any concept of justice for the appellants. Counsel, let me just interrupt you for just a second. Is it your argument that district court was not permitted to challenge the jurisdictional allegations in the complaint? They were not permitted to conduct the … That the district court was not permitted. I seem to read your brief that you were saying the district court could not challenge the jurisdictional allegations in your complaint. Was that your argument? Our argument that … Yes, Your Honor, but our argument is that the district court was required under Supreme Court decisions, Bell Atlantic v. Twombly and Barnstable, to accept the reverements in the complaint with respect to diversity as true. And I'll quote later some of the words of Justice Stevens along those lines. Well, I guess the reason for my question is, my understanding is, the district court is absolutely permitted to challenge jurisdiction, and jurisdiction cannot be maintained by mere averment. You just said everything has to be taken as true. What do you do with the McNutt case? I'm not sure how McNutt actually bears on the averments here, Your Honor. Well, even where the opposing party does not challenge jurisdiction, McNutt says, the court may still insist that the jurisdictional facts be established or the case be dismissed. And for that purpose, the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence. That's how I read McNutt. Right. But the … what was revered in the complaint was very simple, straightforward, and concise facts, that each of the plaintiff corporations was a single corporation. The allegations stated where their principal place of business was, and essentially there were no additional … and I'll get to this in a moment. There were no additional body of facts that could have been presented to the court, which would make … be responsive either to the court in McKnight or Hertz. What is your best case for your proposition that that was sufficient? Our best case is that the complaint as filed is similar to thousands of cases that are filed every day. There was a simple, straightforward averment consistent with the Federal Rules of Civil Procedure, with the forms specified in the Federal Rules, Form 7A, that the averments were consistent with Rule 8 and are consistent with the April 2011 revision to the rules post-Hertz. Okay. And that's why this is a case of first impression, because the question is whether 7A still is good law. Well, 7A is what's on the books. It's what the Supreme Court has stated. And the averments are consistent with well-accepted Federal practice about what should be avered with respect to diversity in a complaint. And there is no … there was no challenge by any party, and there are no facts in the record, and I'll get to that in a moment, by which the court could infer that diversity did not exist. If the court has doubts, even after the … you know, assume that the pleading is accepted as adequate, at any stage of the proceeding, does the court then have the ability to require proof to support the allegations? Yes, Your Honor. Okay. And how and when does that happen? In the course of discovery, proof can be provided to address any contested question. Well, that may be, but the court can't conduct discovery on its own initiative as such. So when does the court, if it has some suspicion that the allegations, although as a matter of law, for pleading purposes they survive a motion to dismiss, has severe doubts that they really are backed up, can be backed up by proof, when and how does the court focus the parties on that? What should the court have ordered that it didn't do? The court could have granted the request that an amended complaint be filed stating additional facts. The court initially … Well, is it okay for the court to ask for an amended complaint? I thought you just said that the initial pleading conformed with Rule 7a. We believe that the court, the initial pleading, did conform with Rule 7a. Okay. So that's what I'm trying … I think we're all trying to understand your argument. I'm not unsympathetic to it. I'm just trying to understand … I'm in, Your Honor. And I think Judge Nelson's trying to get you to help us figure out how does the court, which has the responsibility, sua sponte, to question its subject matter jurisdiction, so if it doesn't believe it has diversity jurisdiction, it's got to be able to require proof of it, and the case law definitely suggests that it can do that. And the judge's order, I'm sympathetic to your argument because it flips back and forth, is between facts, pleadings, proof. So I wasn't exactly sure what the district court was looking for. So tell us what the court should have done ideally and correctly. Ideally, if, arguendo, there was inadequate data or facts in the complaint, which we don't agree with, the court could have asked for an amended complaint. Which it did. No. No. It dismissed the thing. I thought there was an amendment. Wasn't there? Maybe I'm misrecalling. I thought there was an amendment where you filed an amendment and alleged more detail as to the defendant. The amendment that was filed was additional detail to an OSC that was earlier filed with respect to defendant corporations. Did it limit it to defendant corporations? I thought that was one of the ambiguities. It didn't. We believe that it was responsible. You understood it that way and did plead additional facts. Yeah. Even though the facts you had alleged, I understand, you think were adequate under Rule 7a. That's correct, Your Honor. So you did respond in that regard. We responded in that regard because we believe that with respect to the defendant corporations, one was a large European bank with many offices, and there could have been some confusion. And so why didn't you equally feel that you could amend on the plaintiff's court? We were not given the opportunity to amend on the second. Counsel, maybe you weren't given an opportunity because you didn't stop and listen to the question. I'm sorry. I'm sorry. Okay. So what I'm trying to understand, you did file an amended complaint to respond to what you construed to be applicable to the defendants. But you could have at the same time read it, since it wasn't specific to which corporations, also as to your own clients. And you could have said precisely what you then, I gather, tried to put before the court, which was you've given the courts, we're small corporations, we don't have any nerve center, all this big stuff that you're asking for out of Hertz. So why couldn't you have done that at the same time? And if it was okay for the court, district court to require you to clarify as to the defendant allegations, why wasn't it equally appropriate for the court to issue an OSC as to your own status? Well, we initially responded to the first OSC out of an abundance of caution and the possible confusion because, for example, there was a large European bank involved with offices all over the world, that there might be some confusion. What we read with respect to the plaintiff corporations, all of which basically with the exception of one, a single shareholder in an apartment in Santa Monica, it was patently obvious that there really are no other facts to be stated. If we would have followed the language of Hertz, for example, to state that Plaintiff James B. Harris Productions, the lead plaintiff in this case, which consists of Mr. Harris in his apartment in Santa Monica, to simply add the language that his apartment in Santa Monica is where the top officers control and direct this megalop corporation, to use the language of Hertz, is simply absurd boilerplate. And there are no other facts. It wasn't a boilerplate, counsel. You just said it was specifically as to the location and the nature of the corporate structure. But what was revered in the complaint is that this is the principal place of business of James B. Harris Productions. And that's what was revered in the complaint as to the defendants. And you now say, well, because it was a large corporation, you thought it was perfectly reasonable for the court to go ahead and ask you to provide more detail, which you happily did. So where's the disconnect here? Well, I believe the disconnect is looking at reality. If we were to accept the same standard with respect to the Harris Corporation, which is one guy sitting in a- How did the court know that? Because the environment would say James Harris Production is just a simple small corporation. Is that what it said? I believe so. Well, I don't think so. I think if that's what it said, fine. But I thought it wasn't. They were both corporate allegations in the form of 7A, and one because you knew the defendant was a big corporation and understood that you could be more specific under Hertz as to it. But to say it's absurd and boilerplate as to the point of when the court, sitting where it's sitting, doesn't know whether Harris Corporation is like the Floresheim Corporation or, you know, it's Joe Harris. Isn't that true? Yes, Your Honor. Okay, so coming back to, because, as you say, this is a case of first impression, assuming that Rule 7A still correctly states the law, and maybe it doesn't, but let's suppose it's accurate, then when the court is concerned that there are jurisdictional questions and the defense doesn't raise it, but the court wants to, is the OSC procedure that the court followed appropriate? Yes, it is, Your Honor. Okay. And could have asked for evidence to underscore the 7A conclusory type allegations? Yes, Your Honor. Okay. Thank you. Could you help me with the chronology a bit, counsel, just quickly? I've got the order to show cause here issued June 28th, as Judge Fisher just referred to, and then your response to the order to show cause. And then I have an order granting leave to amend issued by the court on August 5th, and then the order of dismissal. And my question is whether or not your position is that you're arguing that you should not have to do more than what 7A requires, and that's on the books, and that you just think there isn't any more that's required even after Hertz, or is the problem that reading these orders in chronological sequence, there was a question about what it is the court wanted you to do, as opposed to averring versus submitting evidence to support your allegations? Actually, I think it's both, Your Honor. I believe that we submitted the averments were consistent with 7A, and I believe there was some confusion on our part as to what was actually required by the OSC, and the court on its own vacated the hearing date and was not willing to make clear what was going on and denied our request to amend the complaint to add some additional data that we might be able to find that would support facts like it was just Mr. Harris and his apartment or the Killebrew family at their farm in Georgia. I don't think that there was any suspicion. Certainly no defendant raised any issue that there was any defect in diversity whatsoever. I appreciate your answer. If I could just prevail upon you for one more second. Absolutely, Your Honor. The August 5th order from Chambers is an order granting plaintiffs leave to amend the complaint, and then followed up a month later, roughly on September 9th, with the order dismissing the first amended complaint. So you did file an amended complaint, right? The amended complaint was filed, Your Honor. That's correct. So you filed two things. You filed the response to the order to show cause, and then he granted you leave. He still didn't like it. He granted you leave to amend. Is that right? Right, but he dismissed based on the amended and the fact that we believed that we had responded completely to the requirement for additional data where we thought that there might have been a question in the mind of the court. You know, in reality, I suppose our confusion was on the part that, you know, we tried in an abundance to respond where we thought that there might be an issue with regard to a large corporation, the bank in Hungary. With regard to the fellow in Santa Monica with his corporation and the people in Georgia with their vegetable farm, we didn't see that, you know, there were any more  We didn't believe that the court was asking for more data because it was patently obvious and we did not believe the court at that point was asking for more data than simply the agreements that we put forth. Okay. I think we have your point. I think I'm believing it. You're over time. I'm over time. Thank you, Your Honor. That's what I mean. It counts up, but the red light means you're over time. Thank you, Your Honor. Good morning, Your Honors. Danielle Sokol on behalf of Apelli Lee Rand. I wanted to start off clarifying the procedure that Your Honor just touched on at the end of the questioning. And it starts with the Hertz decision, which was handed down in February of 2010. A few months later, plaintiffs filed their complaint in this case. And in that complaint, they just set forth boilerplate allegations regarding the principal place of business of the corporate party. Based upon Rule 7A. Based upon Rule 7A. Which is modified after Hertz. That's going to be an issue of first impression, but what I think of it. Whether it's an issue of first impression, that's what they did. Correct. Okay. So what's wrong with that? There's nothing wrong with that. Okay. So. So I believe the court gets the complaint. There's a new standard set forth. Make sure that I'm understanding your position. Do you think Hertz modified what has to be alleged? Or did it modify what we mean by principal place of business? Do you have to allege nerve center? I think it modified what it means for principal place of business. I don't necessarily think it modified what needs to be alleged. But what I think the district court found was given that there was a new standard set forth, the judge wanted to make sure that the plaintiffs met that new standard. I was not aware of the Hertz decision when the complaint was filed. So the court issues an order, and it asks plaintiffs to provide additional facts to support the principal place of business of the corporate parties. And provide those how? It's set in OSC. Yeah, but no. How, in what manner to provide the additional facts? I do agree that the court did flip-flop. I think in that order the plaintiffs had to come forward with some evidence to support. You didn't write the order. I did not write the order. So you don't feel that you have to defend what the district court did. Let me just ask if you would agree this proposition. Neither side saw this issue. You didn't raise it as a defendant, correct? I did not. I was not aware of the Hertz decision at the time. Right. You weren't aware of Hertz, and you weren't challenging the allegation. So the district court, properly so, has an interest in being sure it has jurisdiction. The court issued an order which seems to be, I don't know if it's a standard order for the central district or it's just for Judge Gutierrez's courtroom. Do you know that? I don't know. I've seen it before from Judge Gutierrez. I don't know if it's used by other judges. Other judges. And I think he did modify it, too, by adding some language regarding Hertz. Okay. So he issued an order under his reading of what Hertz means and what he had in mind. But as I go through the different rulings, there is an unfortunate conflation and confusion of the term facts and then proof and then evidence. But at the end, he says, I wasn't doing this on the pleadings. I was doing it on the proof or on the allegations. But if you go back and look at his orders, I don't think that's clear. Would you agree with that? I would agree that the orders are not clear. But I think what he was trying to accomplish was, and that was give me sufficient facts to show me that you meet the principal place of business under the Hertz test. All right. Whether it was by way of affidavits through evidence or it was by way of amendments to the complaint, just show me that each of these corporate parties meets the principal place of business defined in Hertz. I think that's what the court was trying to accomplish. It did kind of switch up how it was asking for plaintiffs to show that, but I think its intention was clear. All right. So once that court issues the first order, which was June 28th, the plaintiffs submit a detailed response on behalf of only the defendant corporations. So the court in response issues a second order and says, okay, you've responded on behalf of the defendant corporations, but you didn't provide any evidence. No. He responded with respect to, not on behalf of. Correct. And that's important, at least from my perspective as a litigator. If I'm the plaintiff and there's a question about sufficiency of allegations, I could understand why I think the judge is concerned if I really got an out-of-state defendant here. And so with respect to is what I would have pleaded, not on behalf of. If I've been on my own side, it would have been on behalf of my client, which I've got all the facts of the world because I know I represent them, and they didn't do it. That I appreciate. Well, that's the irony is they provide all this evidence regarding the defendant corporations, but they don't provide anything regarding the plaintiff corporations. So the court issues the second order, and in that order, the court specifically says you did not provide any evidence regarding the principal place of business, regarding the plaintiff corporations, but I'm going to grant your request for leave to amend. So the court did switch up from evidence to pleading. In response, plaintiffs filed their first amended complaint, and the only thing they add to the complaint is a statement regarding the domicile of the plaintiff corporations. Well, domicile applies to individual parties, not corporations. So in effect, they provided the court with no facts to support the principal place of business of the plaintiff corporations. The court, having issued two orders, felt it was appropriate at that time to dismiss the complaint without prejudice, and that's what it did. Now, the plaintiff's focus, as I read their briefs, is that they did provide the court with sufficient facts. These were small, closely held corporations. Of course, the address in the complaint was the principal place of business, because that was the only office for the plaintiff corporations. The problem is, as the Court has already pointed out, is the plaintiffs didn't tell the Court that. They never told the Court that these were small, closely held corporations with a single office, and therefore, the address put in the complaint had to be the principal place of business. And I don't think the Court's required to assume that. I think the Court actually became more suspicious because they were able to provide all this evidence regarding the defendant corporations, but couldn't provide a single fact regarding the plaintiff corporations. Well, you don't have to infer that. He said it. He did say that in his last order, Your Honor. Okay. So do you then come back to how we opened the questioning with your opponent? Under the Federal Rule 8 and Form 7A, is the form defective now, or because that's really addressed as pleading? I wouldn't ---- And I don't have the form directly in front of me that says it's woefully, you know, the pleading, the Rule 7A pleading is woefully inadequate or something like that. So if that's true, then there's something wrong with Form 7A, because it's going to put a lot of people into noncompliance, at least in that courtroom. I don't know what the answer to that question is. That's going to have to be decided, I guess, at some point. But I don't think that's actually relevant to this case, because whether the pleadings sufficiently pled principal place of business for purposes of 7A is not the issue. The issue is the Court issued two orders and said the Hood's case has just been handed down. There's a new test for determining a corporate party's principal place of business. I need more facts to ensure that you, in fact, are meeting the new test. And the plaintiff simply didn't do it. But when you say simply didn't do it, it causes me to wince a little, because earlier in your argument I heard you say, well, I agree, the Court flip-flopped about what he was asking for. And that's my concern, not whether or not the district court had the ability to ask for more facts, but whether or not it was fair for the plaintiff to understand that's what the Court was looking for, as opposed to, you know, inadequate allegations versus insufficient factual support for the allegations. Like I said, I think it was clear what the Court wanted. The Court wanted something from the plaintiffs to show that the corporate party's principal place of businesses were, in fact, the locations alleged in the complaint. That's what the Court wanted. It initially did it by issuing an OSC and asking for evidence. That was the June 28th order. Plaintiffs responded for the defendant corporations. And in their response, they advised the Court, if this is not sufficient, we request leave to amend. So I think that's why, in the second round, the Court granted leave to amend. It was in response to the plaintiff's request. So your argument would be that Hertz didn't really matter, that the Court could have done that following they filed the 7A, and the Court said, this doesn't satisfy me, I want more. You could have gone ahead and done that without Hertz. Is that your argument? I – yeah, that is my argument. I think Hertz – and, again, I'm not the Court. I can't read the judge's mind. But in hindsight, I think it was Hertz that was the impetus to the Court asking for more information. But I think the Court could have, with or without Hertz, asked for more information if it had a question regarding jurisdiction. Thank you. Okay. The other issue I wanted to address was alleged in the briefing and I believe raised in oral argument, and that's that the plaintiffs keep contending that the Court has to accept the factual averments as true. The problem is there were no facts regarding the plaintiff corporations. There was just a single conclusory statement that the principal place of business of the plaintiff corporations was this address. There were no facts. If plaintiffs had alleged that these were small, closely held corporations with a single office, I believe that's true. The Court would have had to accept that as true for purposes of pleading. But there were no facts in the complaints that the Court had to accept as true. There was just a single conclusory sentence that the Court was challenging. And at that point, I believe the ---- This is a civil case. Isn't there authority under Rule 8 that it's sufficient? That the factual ---- That the allegation is sufficient. I agree. Some judges may have let this go on, this was sufficient. This particular judge, I believe, given the new decision in Hertz, wanted to ensure that, in fact, had subject matter jurisdiction and that the corporations met the new test. So it issued an order requesting more information. Once it issued that order, I think we're beyond now the pleadings. Well, if that's how one construes what's going on. Again, I'm looking at the order, and it looks like this appears to be a forum order because it has places to check the box. But it basically says the jurisdiction of vermin by plaintiffs is patently insufficient, and then it cites some quotes from Hertz. So that is a new standard for pleading corporate diversity, if one takes that as a general rule as opposed to ---- Well, it's a new standard here, and Judge Gutierrez may be on the right track. But to say it's patently insufficient means that Rule 7A is patently misleading. And maybe that's the judge's reading post-Hertz. Yeah. But I think, regardless, the plaintiffs had to come forward with something. Well, what if they can't? What if we're in a different hypothetical, and we adopt the rule that you're suggesting following up on Judge Fisher's question under Rule 8? What if a plaintiff has stated, you know, his or her best good faith understanding of the principal place of business of the corporate defendant, but hasn't had an opportunity to do any discovery yet, and the judge says, I want to see more? If your rule is correct, what's that plaintiff going to do? Well, I think you can respond to the court's order and advise the court of the situation, that this is our understanding based upon the information we have to date. We need to conduct further discovery, request leave to conduct discovery, ask for clarification of the order, do something. But you just can't ignore. But you'd still have the same conclusory statement, unsupported by facts, but you would essentially just be asking for more time. Correct. Thank you. In this case, it was presumably evidence within their control because it was their own status. Correct. And they, in fact, in their papers and before this Court, I think provide the information that they needed to provide to the district court, and that was that these are small, closely held corporations with a single office. And I'm not the judge, but I believe that probably would have been sufficient.  Thank you. Thank you, Your Honors. I appreciate your insights. Counsel, I'll give you a minute for response. Thank you, Your Honor. We believe that, as you, the question you raised is the correct one. We believe that the pleading was absolutely sufficient in accordance with both Rule 8 and Rule 7A. And I've got them in a briefcase somewhere. But the language, in fact, the sample language that's provided by the Supreme Court in the rule is what is contained in the pleadings. Thousands of cases are filed using that. We know that. We've been saying that. Been saying that. And if there is any confusion, it's because we believe that what the judge was saying here is that Hertz added an additional requirement. Counsel, we understand that. I think the question that nags here is you had it within your capacity to overplead, to just put out you were explicit with respect to the defendant corporations. You could have probably saved yourselves some problems, but we wouldn't have known about this issue. And by just putting it in and seeing what Judge Gutierrez, as Counsel said, did with a more fulsome pleading. Yes, Your Honor. Thank you very much. All right. Thank you, Counsel. It's an interesting case, and we'll navigate our way through it now. Thank you. The cases submitted will be in the short recess while we set up for the. . . Well, actually, we have some time, so. . . Plenty of time. Yeah. We'll reconvene at 11 o'clock, and that'll be fine.
judges: Nelson, Fisher, Christen